FILED

NOT FOR PUBLICATION

DEC 21 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30011 |
| Plaintiff - Appellant, | D.C. No. 2:07-cr-02078-FVS |
| v. | |
| CHARLES THOMAS WILMER WEEMS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

The government appeals from the district court's order granting defendant

Charles Weems' motion to suppress evidence seized pursuant to a vehicle search

incident to his arrest.  We have jurisdiction under 18 U.S.C. § 3731, and we vacate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the order and remand for reconsideration.

The government concedes that the search of Weems' vehicle after he was handcuffed and placed in the back of a patrol car was unconstitutional under *Arizona v. Gant*, 556 U.S. 332 (2009), but contends that it was permissible under the good-faith exception for searches conducted in reliance on binding precedent. The Supreme Court recently held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Davis v. United States,* 131 S. Ct. 2419, 2428-29 (2011).  The search of Weems' vehicle occurred prior to the Supreme Court's decision in *Gant,* and was conducted in compliance with *New York v. Belton*, 453 U.S. 454, 460 (1981), which was binding appellate precedent at the time of the search. Accordingly, we vacate and remand for the district court to reconsider its order in light of *Davis*.

The government's request for a stay is denied as moot.

**VACATED AND REMANDED.**